Daniel A. HANDELMAN; Peace and Justice Works, Plaintiffs—Appellants,

v.

CITY OF PORTLAND; Vera Katz; John Doe 1–20, Defendants—Appellees.

No. 03–35460.

D.C. No. CV–02–00918–AS–REJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2004.

Decided Nov. 18, 2004.

---

Steven J. Sherlag, Law Offices, Portland, OR, for Plaintiffs–Appellants.

Harry Michael Auerbach, Esq., Office of the City Attorney, Portland, OR, for Defendants–Appellees.

Before LEAVY, TROTT, Circuit Judges, and POLLAK,* Senior District Judge.

### MEMORANDUM **

Daniel Handelman and Peace and Justice Works (hereinafter "Handelman") appeal the district court's conclusion that Handelman's claim pursuant to 42 U.S.C. § 1983 against the City of Portland is barred by the two-year statute of limitations. Reviewing de novo, we affirm the district court's summary judgment order.

---

* Hon. Louis H. Pollak, Senior U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

 Handelman claimed that the Portland Police Bureau ("PPB") generated and maintained a report dated February 16, 1999, and other documents concerning his political views and activities in violation of Oregon Revised Statutes section 181.575 and in violation of his First and Fourteenth Amendment protections. Under the federal discovery rule, Handelman's cause of action accrued, at the very latest, on September 21, 1999. On that date, Handelman filed a Motion for an Order to Show Cause in an Oregon state court case, *Squirrel v. City of Portland,* CV. No. 9411–08031, stating that the PPB "is currently maintaining non-criminal information on Mr. Handelman and his association." Handelman filed this action more than two years later on July 10, 2002.

Handelman argues that his knowledge of the February 16 report does not equate to knowledge of the injury regarding the "Small Number of Documents" later discovered. However, the question is not whether Handelman knew the full extent to which the PPB was maintaining non-criminal information on him. "[W]hat is important is when [the plaintiff] first discovered that [he] had a claim." *United States v. Gavilan Joint Cmty. Coll. Dist.,* 849 F.2d 1246, 1250 (9th Cir.1988). That Handelman may not have known precisely how many or which specific documents the PPB was maintaining does not change the fact that Handelman knew he had a claim which he now presents.

The continuing tort doctrine does not save Handelman's claim from the statute of limitations bar. Even assuming that the PPB's conduct constitutes a continuing tort, the PPB stopped maintaining the documents on January 19, 2000, when

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

it, gave the documents to the Portland City Attorney. Thus, all the continuing tort doctrine could do is extend the date on which the statute of limitations began to run from September 21, 1999 (the date Handelman knew of his cause of action as demonstrated by his motion in the *Squirrel* case) to January 19, 2000 (the last day the PPB maintained the documents). Handelman's claim is still barred by the statute of limitations because he did not file suit until July 10, 2002, more than two years later.

We reject Handelman's argument that the PPB continues to maintain the documents through the Portland City Attorney. The PPB designated the Small Number of Documents for destruction and only gave them to the City Attorney because the City Attorney's wanted to preserve evidence relevant to the *Squirrel* proceedings.

AFFIRMED.